# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**E-YAGE BOWENS,**
**D.O.C. #M93599,**

    **Petitioner,**

vs.                                                                  Case No. 4:20cv136-MW-CAS

**WARDEN OF MADISON**
**CORRECTIONAL INSTITUTION,**

    **Respondent.**
_____/

## REPORT AND RECOMMENDATION

Petitioner, proceeding pro se, initiated this case by submitting a petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. At the top of the petition is written "emergency file!!" *Id.* at 1. Having reviewed the petition, the Court notes at the outset that Petitioner has not alleged or asserted any facts which demonstrate an emergency situation. In the future, Petitioner must not raise such an assertion unless an emergency actually exists.

Moreover, Petitioner is in the custody of the Florida Department of Corrections. Petitioner is currently housed at Madison Correctional

Institution. ECF No. 1 at 1. Petitioner asserted that he is "currently being held on orders" by both federal and state authorities, ECF No. 1 at 1, but that is not true. Petitioner has not identified any factual basis to support that assertion. There are no facts which show that Petitioner is currently in federal custody or will placed there in the near future.

Section 2241 permits issuance of a writ of habeas corpus in five situations - when a person is (1) in federal custody; (2) in custody "for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States;" or (3) "in custody in violation of the Constitution or laws or treaties of the United States;" or (4) is a foreign national in custody; or (5) that it is necessary to bring Petitioner to court. 28 U.S.C. § 2241(c). Medberry v. Crosby, 351 F.3d 1049, 1059 (11th Cir. 2003). Petitioner has not shown that he comes within any of those five situations.

Rather, because Petitioner is "in custody pursuant to the judgment of a State court," he may seek a habeas petition pursuant to 28 U.S.C. § 2254. Medberry, 351 F.3d at 1059. Allowing a state prisoner "to file his 'petition in federal court pursuant to Section 2241 without reliance on Section 2254 would ... thwart Congressional intent.'" 351 F.3d at 1060.

Here, Petitioner has provided no basis to proceed with a § 2241 petition and it should be summarily dismissed. Presumably, Petitioner is able to pursue a § 2254 petition, although judicial notice is taken that the last three § 2254 petitions filed by Petitioner were dismissed without prejudice in the Southern District of Florida.[1] Regardless, this case lacks merit and is, indeed, frivolous.

Petitioner's only arguments in support of issuance of a petition concern a "breach of simple contract." ECF No. 1 at 6. He claims to have submitted a money order which he designated as a "counter offer" for judgment in a criminal case, and argues that by accepting payment, the clerk's office entered into a contract and he should have been discharged from the criminal case. *Id.* Petitioner asserts the usual "gibberish sometimes associated with an alleged 'sovereign citizen,'" E-Yage Bowens v. Adams, No. 4:16cv495-RH-GRJ, 2016 WL 6133842, at *1 (N.D. Fla. Oct. 18, 2016) (noting "plaintiff has at least three "strikes" under 28 U.S.C. §

---

[1] Case number 1:16cv23271 was dismissed without prejudice on October 25, 2016, for failing to comply with court orders. Case number 1:16cv20560 was dismissed on March 18, 2016, without prejudice to Petitioner's refiling a new § 2254 petition after exhausting state court remedies. Case number 1:15cv23959 was dismissed in November 2015 without prejudice because Petitioner had not yet exhausted state court remedies.

1915(g)"), claiming there has been fraud on a creditor, breach of contract, and unlawfully holding the surety. *Id.* at 6-7. Such claims are frivolous.

Moreover, the relief requested in this case demonstrates the frivolity of the petition. Petitioner requests issuance of an "immediate emergency order to U.S. Marshals Service to remove surety/petitioner from illegal state/fed detention" and deliver Petitioner "to his choice of Florida destination . . . with provisions for plain clothes and food during travel to destination, to issue immediate emergency injunctions against all state agencies/agents . . . from exercising any jurisdictional authority over surety/petitioner . . . ." ECF No. 1 at 7. No relief is possible on this petition as Petitioner does not meet any of the five requirements for issuance of a writ under § 2241.

Furthermore, Petitioner has not paid the filing fee to proceed with this case. Notably, the filing fee is $5.00 for a habeas petition. Petitioner has not shown that he is unable to pay that fee. Instead, Petitioner submitted a motion entitled "waiver of filing fee due to imminent danger of serious physical injury." ECF No. 2. There are three problems with that motion.

First, a prisoner who has acquired "three strikes" and is not entitled to in forma pauperis status may still be permitted to proceed without payment

of the filing fee, but only if the prisoner is seeking to "bring a civil action or appeal a judgment in a civil action," and only if he shows he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Habeas corpus petitions are civil in nature, but are not "civil actions." Anderson v. Singletary, 111 F.3d 801, 804 (11th Cir. 1997) (holding that the PLRA's filing fee provisions do not apply in habeas petitions).

Second, Petitioner has not shown that he is in "imminent danger." Such a showing requires more than stating that prisoners encounter "extremely violent physical dangers" on a daily basis in prison. ECF No. 2 at 1. It is irrelevant that Petitioner also contends he suffers from a hernia and epilepsy because this is not a civil rights case challenging the provision of medical care.

Third, Petitioner has not attached a copy of his inmate bank account statement to his motion show he lacks the ability to pay the filing fee. Moreover, the motion does not allege that Petitioner is indigent. It is insufficient on its face.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Petitioner's petition, ECF No. 1, be **DISMISSED** and the motion to waive the filing fee, ECF No. 2, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 12, 2020.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**